**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4965

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES LOUIS THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas David Schroeder, District Judge. (1:09-cr-00360-TDS-1)

Submitted: August 30, 2011          Decided: September 2, 2011

Before KING, GREGORY, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Louis Thomas was convicted following his conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Thomas to sixty-nine months of imprisonment. Thomas reserved his right to appeal the district court's denial of his motion to dismiss the § 922(g)(1) charge.

On appeal, Thomas argues that his prior North Carolina state conviction for possession of marijuana with intent to distribute was not punishable by more than one year of imprisonment and thus is not a predicate conviction pursuant to 18 U.S.C. § 922(g)(1). In light of United States v. Simmons, ___ F.3d ___, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we vacate and remand.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. As to the prior drug offense specified in the § 922(g)(1) charge, Thomas was punishable by no more than eight months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (setting out minimum and maximum sentences applicable under North Carolina's "structured sentencing" regime). When Thomas raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently,

2

however, we overruled <u>Harp</u> with the en banc decision in <u>Simmons</u>, in which we sustained a similar argument in favor of the defendant. In view of our holding in <u>Simmons</u>, we vacate the district court's judgment and remand the case to the district court for proceedings consistent with this opinion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>